IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-259 |
| | § | C.A. No. C-05-552 |
| JOHN HENRY ROHMFELD, JR., | § | |
| Defendant/Movant. | § | |

## ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is John Henry Rohmfeld, Jr.'s ("Rohmfeld") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 50),[1] which was received by the Clerk on November 17, 2005.  The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Rohmfeld's motion is subject to dismissal because he waived his right to file the claims he raises therein.

For this reason, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Rohmfeld a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

On October 22, 2003, Rohmfeld was charged in a superseding four-count indictment with:

---

[1] Dockets entries refer to the criminal case, C-03-cr-259.

(1) knowingly and intentionally manufacturing approximately five kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) ("Count 1s"); (2) operating or maintaining a place which was used for the purpose of manufacturing distributing, or using a controlled substance ("Count 2s"); and (3) two counts of knowingly receiving firearms or ammunition while under indictment for a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(n) and § 924(a)(1)(D) ("Counts 3s and 4s"). (D.E. 8).  On December 1, 2003, Rohmfeld pleaded guilty to Counts 1s and 3s pursuant to a written plea agreement.  (D.E. 15, 16).  In exchange for his guilty plea to those two counts and his waiver of appellate and § 2255 rights (discussed below), the government agreed to move for the dismissal of Counts 2s and 4s at sentencing, to recommend that Rohmfeld receive maximum credit for acceptance of responsibility and to recommend a sentence within the applicable guideline range. (D.E. 16).

The plea agreement contained a voluntary waiver of Rohmfeld's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States.  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 16 at ¶ 6) (emphasis in original).

At Rohmfeld's rearraignment, repeated references were made to the waiver.  At the very beginning of the rearraignment, the Court inquired as to whether the plea agreement contained a waiver of appellate rights and 2255 rights, and was informed that it did. (D.E. 33, Rearraignment Transcript

("R. Tr.") at 3).   Additionally, when the prosecutor summarized the written plea agreement, she expressly noted that: "Defendant waives his right to collaterally attack a conviction or sentence after the conviction or sentence has become final." (R. Tr. at 24).  After that summary was given, Rohmfeld testified that the summarized agreement was his, that he understood it, and that it was the entire agreement.  (R. Tr. at 25-26).  Rohmfeld also reviewed the written agreement.  He testified that it was his agreement, that he signed the last page, and that he had read it and discussed it completely with his attorney before he signed it.  (R. Tr. at 26-27).

The Court questioned Rohmfeld under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion.  In ensuring that his waiver of § 2255 rights was voluntary, the Court asked Rohmfeld:

> **THE COURT:** Further, you ordinarily have a right to file a post-conviction remedy called a Writ of Habeas Corpus or statutory 2255 to challenge the jurisdiction, to try to set aside your sentence another way even if you didn't appeal.  And those grounds would be challenging the jurisdiction of the Court to impose the sentence, the constitutionality of the sentence and such matters as ineffective assistance of counsel.  If you go forward here today you give up that right as well.  Do you understand that?
>
> **THE DEFENDANT:** Yes.

(R. Tr. at 23).  Rohmfeld further testified that no one had forced him to plead guilty or offered him leniency in exchange for his plea, and that his decision to plead guilty was "entirely voluntary." (R. Tr. at 34).  It is clear from the foregoing that Rohmfeld's waiver was knowing and voluntary.  See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Rohmfeld on February 10, 2004, to 60 months in the custody of the Bureau of Prisons as to Count 1s, to be followed by a three-year term of supervised release, and

imposed a $300 fine and a $100 special assessment.  (D.E. 24, 28).  As to Count 3s, the Court sentenced him to 42 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $300 fine and a $100 special assessment.  (D.E. 24, 28). The sentences on each count were to ordered to be served consecutively.  (D.E. 28).  Judgment of conviction and sentence was entered February 17, 2004.  (D.E. 28).

Despite his waiver of appellate rights, Rohmfeld filed a Notice of Appeal on February 18, 2004.  (D.E. 29).  The government moved to dismiss the appeal because of Rohmfeld's waiver of appellate rights. United States v. Rohmfeld, No. 04-40223 (5th Cir.) (Appellee's September 1, 2004 Motion to Dismiss Appeal)).  The Fifth Circuit granted the government's motion to dismiss and dismissed the appeal on October 1, 2004. (D.E. 34). Rohmfeld subsequently filed a pro se notice of appeal on March 11, 2005, which the Fifth Circuit dismissed for lack of jurisdiction.  (D.E. 36, 40).

Rohmfeld's § 2255 motion was received by the Clerk on November 17, 2005. (D.E. 50).  It is timely.  Four days later, the Clerk received from Rohmfeld a Motion to Amend his Criminal Judgment Pursuant to Fed. R. Crim. P. 36 (D.E. 51), which is addressed by separate order.

### III.  MOVANT'S ALLEGATIONS

Rohmfeld's motion advances three grounds for relief.  First, he argues that he was denied effective assistance of counsel, because of several alleged failures by counsel. Specifically, he claims that he wanted to appeal the Court's decision regarding certain conditions of probation, and that his counsel failed to file a notice of appeal as instructed.  He also claims that his counsel failed to object to and failed to appeal the Court's application of sentencing enhancements, which he claims were unconstitutional under United States v. Booker, 125 S. Ct. 738 (2005).

Second, he makes a direct claim under Booker, arguing that his sentence is unconstitutional because: (1) he was sentenced based on criminal conduct that was neither admitted by him, nor found

4

by a jury beyond a reasonable doubt; and (2) he was sentenced under a mandatory guideline scheme, which has now been made advisory only by <u>Booker</u>.

Third, he argues that, based on his first two arguments, he should be resentenced.  Upon resentencing, he asks the Court to consider his "extraordinary efforts at post-conviction rehabilitation" and to downwardly depart from the new applicable guideline range.  (D.E. 50).

As discussed herein, Rohmfeld has waived his right to file a § 2255 motion, and all of his grounds fall within the scope of his waiver.  Thus, his motion is subject to dismissal.

## IV.  DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982).

The Court need not address whether Rohmfeld has procedurally defaulted his claims.  Rather, the Court concludes that he waived his right to file the claims in his § 2255 motion.  <u>United States v. Wilkes</u>, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); <u>United States v. McKinney</u>, 406 F.3d 744 (5th Cir. 2005) (enforcing, post-<u>Booker</u>, a waiver

of appeal rights that was signed prior to the issuance of Booker).

**B.     Waiver of § 2255 Rights**

It is clear from the rearraignment recording that Rohmfeld understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).  Rohmfeld's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements here clearly support a finding that Rohmfeld's wavier was knowing and voluntary.  His claims fall within the scope of that waiver.  Thus, they are not properly before the Court.  See generally Wilkes, supra; White, supra.

Moreover, the fact that Booker was not decided until after Rohmfeld signed his waiver does not place his claim outside the scope of the waiver.  The Fifth Circuit has clearly held that "Blakely[2] and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements." McKinney, 406 F.3d at 746-47 & n.5; see also, e.g., United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005) (enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver"); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) (upholding waiver of appeal rights signed prior to Blakely in case raising Booker claim); United States v. Bradley, 400 F.3d

---

[2]  Blakely v. Washington, 124 S. Ct. 2531 (2004), Booker's predecessor, dealt with a state's sentencing guidelines.  The Booker court extended the reasoning of Blakely to the federal guidelines.

459, 465-66 (6th Cir. 2005) (enforcing defendant's waiver of appeal signed prior to <u>Booker</u> as

barring his <u>Booker</u> claim and collecting federal circuit court authority in agreement).[3]

For all of the foregoing reasons, Rohmfeld's motion is barred by his waiver and is therefore

DISMISSED WITH PREJUDICE.

## C.      Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus

proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C.

§ 2253(c)(1)(A).  Although Rohmfeld has not yet filed a notice of appeal, this Court nonetheless

addresses whether he would be entitled to a COA.  <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th

Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a

petitioner relief is in the best position to determine whether the petitioner has made a substantial

showing of a denial of a constitutional right on the issues before that court. Further briefing and

argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an

overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v.

Cockrell</u>, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on

procedural grounds, the movant must show both that "jurists of reasons would find it debatable

---

[3]  Additionally, Rohmfeld is not entitled to any relief under <u>Booker</u> because his conviction became final before it was decided.  The Fifth Circuit has squarely held that <u>Booker</u> is not retroactively applicable. <u>United States v. Gentry</u>, ___ F.3d ___, 2005 WL 3317891, at *6 (5th Cir. Dec. 8, 2005) ("we join the several court of appeals that have held that <u>Booker</u> does not apply retroactively to initial § 2255 motions").  His claims based on <u>Booker</u> fail for this reason, as well.

whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Rohmfeld has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists would not disagree that the claims raised in his motion are barred due to his waiver. Accordingly, Rohmfeld is not entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, Rohmfeld's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 50) is DISMISSED WITH PREJUDICE. Additionally, Rohmfeld is DENIED a Certificate of Appealability.

It is so ORDERED this 15th day of January, 2006.

Janis Graham Jack
United States District Judge