IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-259 |
| | § | |
| JOHN HENRY ROHMFELD, JR., | § | |
|     Defendant/Movant. | § | |

## ORDER DENYING MOTION TO AMEND

Pending before the Court is Defendant John Henry Rohmfeld, Jr.'s ("Rohmfeld") "Motion to Amend the Criminal Judgment Pursuant to Federal Rules of Criminal Procedure 36," received by the Clerk on November 21, 2005. (D.E. 51). For the reasons set forth herein, the motion is DENIED.

The factual procedural background of this criminal case is set forth in detail in the Court's order denying Rohmfeld's motion pursuant to 28 U.S.C. § 2255. Familiarity with that order is assumed. In the instant motion, Rohmfeld argues that this Court ordered that ". . . the Defendant shall be given credit for all time spent in custody . . ." (D.E. 51 at 1-2). He requests that the Corut amend its judgment "so as to specify the dates upon which the Defendant is to be given credit for time served." (D.E. 51 at 1). Specifically, he claims that his federal sentence should have begun as of August 23, 2003.

As an initial matter, Rohmfeld does not allege where the Court so ordered, and the quoted statement is not in his criminal judgment. Even if the Court did so order, however, Rohmfeld is not entitled to relief under Rule 36, Fed. R. Crim. P. That rule provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rohmfeld has not alleged any error in the Court's judgment or order; rather, he claims that the

Bureau of Prisons is not honoring the judgment by refusing to give him time against his federal sentence for time spent in custody prior to imposition of his sentence in this case.

Rohhmfeld's claim is essentially a challenge to the BOP's computation of his sentence and release date, and the proper vehicle for seeking such relief is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration")(citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998)(holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003)(analyzing claim for credit to sentence under § 2241).

Even if Rohmfeld's motion were construed as a § 2241 motion, he has not shown that he has exhausted his administrative remedies. The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992). Rohmfeld's motion does not allege that he has exhausted his administrative remedies, and he would need to so allege in any § 2241 petition he files.

## CONCLUSION

For the foregoing reasons, Rohmfeld's motion to amend the judgment (D.E. 51) is DENIED. It is so ORDERED this 15th day of January 2006.

_____
Janis Graham Jack
United States District Judge

2