IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-259 |
| | § | |
| JOHN HENRY ROHMFELD, JR., | § | |
| Defendant/Movant. | § | |

**ORDER GRANTING MOTION TO QUASH**

Pending before the Court is the United States' motion to quash, filed on January 16, 2008. (D.E. 58.) In it, the United States asks the Court to quash several subpoenas issued by pro se Defendant John Henry Rohmfeld, Jr. ("Rohmfeld"). For the reasons set forth herein, the Court GRANTS the motion and quashes the subpoenas Rohmfeld sent via certified mail to the Kingsville Police Department and the Corpus Christi Police Department.

Rohmfeld was sentenced by this Court and judgment was entered against him on February 17, 2004. (D.E. 24, 28.) He timely appealed. (D.E. 29.) The Fifth Circuit granted the government's motion to dismiss the appeal in an order dated October 1, 2004. (D.E. 34). Rohmfeld subsequently filed a pro se notice of appeal on March 11, 2005, which the Fifth Circuit dismissed for lack of jurisdiction. (D.E. 36, 40). Rohmfled then filed a motion pursuant to 28 U.S.C. § 2255 (D.E. 50), which was denied by order and final judgment entered January 17, 2006. (D.E. 52, 54.) He did not appeal the denial of that motion.

Since that time, the Clerk has received two documents from Rohmfeld, both of which were styled and docketed as "notices," rather than motions requesting relief directly from the Court. (D.E. 56, 57.) The first, which was received on August 28, 2006, Rohmfeld titled a "Notice and Demand."

(D.E. 56.) The document uses various legal terms, but is essentially a request for production of documents, directed at the United States Attorney, the Clerk of this Court, the "estate" of the Clerk of Court, and the Court itself. The filing contains requests for an extensive list of documents covering 24 different and broad-ranging subjects.

In the second filing, received April 3, 2007, Rohmfeld again uses various phrases of form legal language, including terminology arising from contract law and the uniform commercial code, such as references to himself as the "secured party" and references to "the Debtor." (See generally D.E. 57.) Like his first "Notice," this second notice also requests various documents. Many of the requests seek documents containing information related to various employees of the Clerk, the Court, the United States Attorney's Office, or the United States Probation Office, many of whom are listed by name. (D.E. 57.) Like the first document, this one was titled as a "Notice" and not as a motion.

It appears that when Rohmfeld's notices failed to result in the production of the mass amount of documents he sought, he attempted to receive at least some of those documents through another route. Specifically, it appears that Rohmfeld obtained blank subpoenas signed by a deputy clerk of this Court. He then completed the subpoenas and sent them via certified mail to the Kingsville Police Department, and the Corpus Christi Police Department. The subpoenas demand that various documents and reports responsive to the subpoena be provided to him at his place of incarceration not later than January 15, 2008.. (See D.E. 58 at Attachments.)

On January 16, 2008, the government filed its motion to quash the two subpoenas. (D.E. 58.) The government argues that Rohmfeld is "abusing the issuance of district court subpoenas by attempting to compel [the two police departments] to produce documents to the defendant, at a

federal prison, documents to which defendant is no longer entitled and for which there is no longer a criminal case pending." (D.E. 58 at 3.) The Court agrees.

Rohmfeld's criminal case is concluded and he does not have any pending motions for post-conviction relief before this Court. Moreover, he has already filed a motion pursuant to 28 U.S.C. § 2255, which has been denied. He has not explained why or for what purpose he seeks the documents. Under these circumstances, it is clear that issuing such broad document requests to law enforcement agencies after the conclusion of a criminal case constitutes an abuse of the subpoenas provided by the Clerk. See Fed. R. Crim. P. 17(c) (for subpoenas issued in criminal case prior to trial, a district court has authority to quash a subpoena *duces tecum* "if compliance would be "unreasonable or oppressive"); see also United States v. Loe, 248 F.3d 449, 466 (5th Cir. 2001) (affirming district court's ruling quashing subpoena *duces tecum* in criminal case).

Accordingly, the United States' motion to quash is GRANTED and the subpoenas are hereby quashed. Neither the Corpus Christi Police Department or the Kingsville Police Department is required to respond to Rohmfeld's subpoenas. Additionally, to the extent that Rohmfeld's two "Notices" (D.E. 56, 57) can be construed as requesting any relief from this Court, they are likewise DENIED.

It is so ORDERED this 30th day of January, 2008.

_____
Janis Graham Jack
United States District Judge