IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-03-259 |
| | § | |
| JOHN HENRY ROHMFELD, JR., | § | |
|     Defendant. | § | |

**ORDER DENYING "MOTION TO CORRECT**
**ILLEGAL SPECIAL CONDITIONS OF SUPERVISED RELEASE"**

On February 8, 2008, the Clerk received from Defendant John Henry Rohmfeld, Jr. A motion titled as a "Motion to Correct Illegal Special Conditions of Supervised Release 18 U.S.C. § 3582(c)." (D.E. 62.) In it, he contends that the Court did not impose special conditions of supervised release during its oral pronouncement of sentence, and that he learned of those conditions only a year later, when he claims he received a copy of the judgment. He thus argues that those conditions are illegal because he was not given the opportunity to object to them at sentencing.

Although his motion does not specify which specific conditions he is challenging, he argues that the special conditions are improper because they are based on a 14-year old concluded state case and that there "is no evidence in the record that a reoccurrence is likely to happen." (D.E. 62 at 1.) Thus, it appears that he is challenging the conditions related to his earlier sex offense conviction. He also makes the general assertion that the Court "improperly delegated authority to the Probation Office" to determine sexual offender registration and counseling, drug surveillance, drug treatment, mental health treatment, and night time restrictions. (D.E. 62 at 2.)

For the reasons set forth herein, Rohmfeld's motion is DENIED.

1

## I. BACKGROUND

On April 7, 1994, Rohmfeld was indicted for Indecency with a Child/Sexual Contact in Nueces County Case No. 94-CR-0694-F.  (Presentence Investigation Report ("PSR") at ¶ 4.)  The indictment was based on sexual contact with the nine-year-old son of a friend of Rohmfeld's during an overnight visit.  (PSR at ¶ 29.)  According to the victim, Rohmfeld requested that they sleep together in the same bed naked.  Rohmfeld touched the victim's genitals and had the victim touch Rohmfeld's genitals.  The victim also advised that Rohmfeld had touched him on other occasions.  At the time of his arrest, Rohmfeld stated he was sorry for what had happened and admitted he had touched the victim's penis while they slept on his couch.  (PSR at ¶ 29.)  Rohmfeld was placed on 10 years Deferred Adjudication Probation.

On April 29, 1997, a motion to revoke probation was filed alleging that Rohmfeld had unsupervised contact with a minor on March 5, 1997.  A citizens watch group observed Rohmfeld stop his vehicle at an apartment complex and let a minor male (age 8) out of the vehicle.  As a result of the petition, Rohmfeld was in custody from May 15, 1997 until December 1, 1997, when he was released as a condition of probation and his supervision was continued.  Rohmfeld is a registered sex offender. (PSR at ¶ 29.)

On October 22, 2003, Rohmfeld was charged in the instant case in a superseding four-count indictment with: (1) knowingly and intentionally manufacturing approximately five kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) ("Count 1s"); (2) operating or maintaining a place which was used for the purpose of manufacturing distributing, or using a controlled substance ("Count 2s"); and (3) two counts of knowingly receiving firearms or ammunition while under indictment for a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(n) and § 924(a)(1)(D) ("Counts 3s and 4s"). (D.E. 8.)  On December 1,

2

2003, Rohmfeld pleaded guilty to Counts 1s and 3s pursuant to a written plea agreement.  (D.E. 15, 16.)

On February 10, 2004, the Court sentenced Rohmfeld to 60 months in the custody of the Bureau of Prisons as to Count 1s, to be followed by a three-year term of supervised release, and imposed a $300 fine and a $100 special assessment.  (D.E. 24, 28.)  As to Count 3s, the Court sentenced him to 42 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $300 fine and a $100 special assessment.  (D.E. 24, 28.)  The sentences on each count were ordered to be served consecutively.  (D.E. 28.)  Judgment of conviction and sentence was entered on February 17, 2004.  (D.E. 28.)

Despite a waiver of appellate rights in his plea agreement, Rohmfeld appealed.  The Fifth Circuit granted the government's motion to dismiss the appeal based on Rohmfeld's waiver.  (D.E. 34.)

By Order entered January 17, 2006, this Court denied Rohmfeld's ("Rohmfeld") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 52.)  Judgment was entered against him on the same date.  (D.E. 54.)  He did not appeal from that ruling.

His motion to correct the allegedly illegal special conditions of his supervised release (D.E. 62)  was received by the Clerk on February 8, 2008, is pending before the Court, and is addressed herein.

## II.  CHARACTERIZATION OF MOTION

As an initial matter, it is not clear whether Rohmfeld can seek relief from this Court at this time regarding the conditions of his supervised release and, if so, what vehicle could provide such relief. His claim is most properly construed as a challenge to his sentence and its constitutionality,  which would be properly brought in a motion pursuant to 28 U.S.C. § 2255.  Indeed, this claim could have

been raised in Rohmfeld's first § 2255 motion, but was not.[1]   As such, his claim is second or successive.  This Court is without jurisdiction to consider another § 2255 motion from Rohmfeld unless he satisfies certain procedural requirements.  Specifically, the statute provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In accordance with the above, Rohmfeld was required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court.  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  His motion does not indicate that he has sought or obtained such permission.  Until he does so, this Court does not have jurisdiction over any § 2255 motion.  Thus, Rohmfeld's motion is DISMISSED FOR LACK OF JURISDICTION.

Moreover, even if there were some other procedural vehicle for Rohmfeld to bring his claim, he would still not be entitled to relief as discussed in the following section.  The Court finds no merit in his contention that the special conditions imposed were illegal.

---

[1]   He argued in his first § 2255 motion that his counsel was ineffective for failing to challenge on appeal unspecified conditions of probation, but did not challenge those conditions directly, nor list the grounds for such a challenge. (See generally D.E. 50.)

## III.  ANALYSIS OF CLAIM

Based on the totality of his motion, it appears that Rohmfeld challenges the special conditions of his release that relate to his sex offender status, i.e., that he register as a sex offender, that he participate in sex offender counseling, that he avoid contact with the victim and the victim's family in the underlying Nueces County case, 94-CR-0694-F, and, in particular, the last special condition of his supervision, which provides:

> The defendant shall not frequent places where children gather such as parks, schools, video arcades, youth sports events or similar places without adult supervision.  The defendant shall not have contact with any minor child without being supervised by an adult family member of the child.

(D.E. 28 at p.4.)

The Court finds Rohmfeld's challenges to these special conditions to be without merit.  First, although he claims that the oral pronouncement of his sentence did not include the special conditions of supervised release contained on his judgment, his claim is directly contradicted by the record in this case.  The digital recording of his sentencing contains the Court's clear pronouncement of the above special conditions.  (Digital Recording of February 10, 2004 Sentencing ("S. Rec.") at 12:46-12:47; see also D.E. 24, sentencing minutes (noting special conditions of release, including references to sex offender counseling and registration, that defendant must avoid victim and victim's family in the state case, and that defendant cannot frequent places where children gather).)

In the Fifth Circuit, "when there is a conflict between a written sentence and an oral pronouncement [of sentence], the oral pronouncement controls." United States v. Torres-Aguilar, 352 F.3d 934, 935 (5th Cir. 2003) (quoting United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). In this case, there is no conflict.  As noted, the electronic recording of Rohmfeld's sentencing clearly reflects the same special conditions that are set forth in the judgment.  Additionally, the PSR

specifically suggested that the Court may want to include a number the special conditions Rohmfeld now challenges. (PSR at ¶ 64.)  Rohmfeld admitted at sentencing that he had received a copy of his PSR prior to sentencing, that he had read it completely, and that he had had ample time to review it and discuss it with his attorney. (S. Rec. at 11:33-11:34.)  Thus, it is patently false that Rohmfeld did not have an opportunity to object to the conditions at sentencing and did not receive notice of them until a year later, as he claims.

Likewise, to the extent Rohmfeld is challenging the special conditions because they related to a concluded case or are themselves illegal (as opposed to being illegal because they were not pronounced properly at sentencing), his claim likewise fails.  The PSR, as adopted by the Court, clearly reflects that Rohmfeld was on supervision for a sexual offense against a child and had already once been incarcerated for violating the condition that he not have unsupervised contact with children. Thus, there was certainly a basis for the Court's imposition of this condition.  Significantly, the Fifth Circuit has upheld such special conditions against similar challenges.  See, e.g., United States v. Talbert, 501 F.3d 449 (5th Cir. 2007) (where defendant was convicted for being a felon in possession of firearms, sentencing court did not err in imposing condition of supervised release that he register as a sex offender, if required to do so by state law);[2] United States v. Paul, 274 F.3d 155, 165-166 (5th Cir. 2001) (special conditions requiring the defendant to avoid "direct and indirect contact with minors" and to "avoid places, establishments, and areas frequented by minors" were not impermissibly vague or overly broad, and they provided the defendant with fair notice of the

---

[2]  Notably, Rohmfeld was a registered sex offender before the instant conviction.  (PSR at ¶ 29.) Thus, like the condition in Talbert, the condition that Rohmfeld register is essentially a condition that he obey the law.  See 501 F.3d at 452.  The Talbert court explicitly declined to address "whether a court can order registration if registration is not required by state law" in a case where the offense of conviction is not a sex offense.  Id.

prohibited conduct); United States v. Buchanan, 485 F.3d 274 (5th Cir. 2007) (special condition of supervised release restricting unsupervised contact with children is not overly restrictive and the district court did not err in imposing it); United States v. Emerson, 231 Fed. Appx. 349 (5th Cir. June 18, 2007) (unpublished) (although offense of conviction was possession of firearms, district court did not abuse its discretion in imposing special conditions of release related to defendant's prior conviction for sexual assault against a minor, including special condition that defendant participate in sex offender treatment services, and that he not access or loiter near school grounds, parks, arcades, playgrounds, amusement parks, or other places where children under the age of 18 may frequently congregate unless he obtained prior approval).

Finally, Rohmfeld's challenge to the allegedly improper delegation of responsibility to the Probation Department is without merit.  He complains that the Court "improperly delegated authority to the Probation Office" to determine sexual offender registration and counseling, drug surveillance, drug treatment, mental health treatment, and night time restrictions.  (D.E. 62 at 2.)  He does not cite to any authority for this proposition, however.  Thus, he has failed to establish that he is entitled to relief.  See United States v. McDermott, 133 Fed. Appx. 952, 953 (5th Cir. May 27, 2005) (unpublished) (where defendant argued that the district court improperly delegated authority in imposing a special condition that the defendant participate in mental health program "as deemed necessary and approved by the probation officer," but cited to no binding authority in support of his argument, he failed to show plain error by the sentencing court); United States v. Vega, 332 F.3d 849, 852 & n.3 (5th Cir. 2003) (it was not error for the sentencing court to impose a special condition allowing probation officer to determine length of drug treatment); United States v. Acevedo, 157 F.3d 713, 713 (December 12, 2005) (unpublished) (same as to special condition that defendant participate in drug treatment as deemed necessary by the probation officer); see also Talbert, supra, 501 F.3d at

7

453 (holding district court did not improperly delegate authority to probation officer to determine whether defendant was required to register as a sex offender under state law); United States v. Warden, 291 F.3d 363, 365-66 (5th Cir. 2002) (district court did not impermissibly delegate its authority in ordering that probation officer determine defendant's ability to pay for various treatments, including sex offender treatment and drug treatment).  Thus, this claim fails.

For all of the foregoing reasons, even if his claims were properly before the Court, Rohmfeld would not be entitled to relief.

## IV. CONCLUSION

For the reasons set forth herein, Rohmfeld's motion to correct (D.E. 62) is DENIED.


It is so ORDERED this 21st day of February, 2008.


Janis Graham Jack
United States District Judge

8